# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEVON M. HOWARD,

    Defendant.

Case No. 14-CR-99-1-JPS

**ORDER**

### 1. BACKGROUND

On October 20, 2020, Defendant filed a motion for compassionate release. (Docket #399). The Government filed a response, (Docket #404), and Defendant did not reply. The Court has reviewed these submissions and will deny Defendant's motion for compassionate release.

### 2. FACTS

In 2014, Defendant participated in the armed robbery of a Verizon Wireless store with several other codefendants. (Docket #313 at 10). Defendant and one of his codefendants provided the firearm used in the robbery. (*Id.*) Defendant served as a lookout while Londell J. King ("King") entered the store. (*Id.*) Once in the store, King demanded to know where the store's merchandise was kept, and he pulled out a firearm and racked the slide. (*Id.*) King forced the store employee, at gunpoint, into the back of the store where the inventory was kept. (*Id.* at 10–11). King obtained merchandise and cash, left the store, and returned to one of the getaway vehicles. (*Id.* at 11). Defendant, in another vehicle, also fled the area. Eventually, Defendant was arrested and charged. (*Id.*)

In 2017, Defendant pleaded guilty and was sentenced on two counts, one for robbery and one for brandishing a firearm during a crime of

violence. (Docket #327 at 1). This Court sentenced him to a total of 114 months' imprisonment, to be followed by a 5-year term of supervised release. (*Id.* at 2–4).

Defendant is a 26-year-old male. (Docket #313 at 2). He alleges no underlying health conditions, and the presentence investigation report prepared in 2017 reflects no physical health problems. (*Id.* at 20). Defendant is currently detained at Federal Correctional Institution Elkton ("FCI Elkton") in Lisbon, Ohio. (Docket #399 at 1). As of April 15, 2021, FCI Elkton reports that two inmates and one staff member have active cases of COVID-19.[1] Nine inmate deaths have been reported, and 837 inmates and 85 staff have recovered from the virus.[2] Further, FCI Elkton is reporting that 188 of its staff and 498 of its inmates have been *fully* vaccinated.[3] If released, Defendant intends to comply with his terms of supervised release. (*Id.* at 2).

3. **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy

---

[1] Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Apr. 15, 2021).

[2] *Id.*

[3] *Id.*

statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care

within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

4. **ANALYSIS**

First, the Government concedes that Defendant exhausted his administrative remedies. (Docket #404 at 2–3); *see Gunn*, 980 F.3d at 1179 ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it.") (internal citations omitted). The Court next determines whether Defendant has an extraordinary and compelling reason warranting his release.

The outbreak of COVID-19, together with a defendant's underlying medical conditions that place the defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g.*, *United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). However, with regard

to COVID-19, "reliance on circumstances applicable to everyone in prison would appear to read the term 'extraordinary' out of the statute." *United States v. Scott*, 461 F. Supp. 3d 851, 863 (E.D. Wis. 2020). "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Defendant has not alleged that he suffers from any underlying conditions that put him at higher risk if he were to contract COVID-19. Instead, he argues that the Court should consider "other factors" on which to grant him compassionate release. (Docket #399 at 2).

Defendant offers a case from the Southern District of New York in which the court held that a court may "reduce sentences based on 'extraordinary and compelling reasons' (*even if those reasons do not relate to medical condition, age or family circumstances*)." *United States v. Millan*, 2020 U.S. Dist. LEXIS 59955, at *22–23 (S.D.N.Y. Apr. 6, 2020) (emphasis added). But, as this case points out, a defendant must still proffer an extraordinary and compelling reason warranting early release. *Id.* Defendant alleges that his Eighth Amendment rights are being violated by FCI Elkton's failure to control the spread of COVID-19 within its walls. (Docket #399 at 2). Defendant maintains that such violation constitutes cruel and unusual punishment and is, therefore, an extraordinary and compelling reason which justifies his release. (*Id.*) The Court need not address the merits of this argument—Section 3582(c)(1)(A) is not a vehicle for litigating constitutional conditions-of-confinement claims. *See United States v. Partida*, No. CR1708260001PCTDGC, 2020 WL 3050705, at *6 (D. Ariz. June 8, 2020) ("Defendant contends that the Eighth Amendment's prohibition against cruel and unusual punishment supports his motion . . . . But Eighth Amendment protections and standards are not applicable to compassionate

release analysis under § 3582(c)."); *United States v. Rodriguez-Collazo*, No. 14-CR-00378-JMY, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) ("Defendant contends that the current conditions at [FCI Elkton] violate his Fifth and Eighth Amendment rights . . . . However, these claims . . . are not properly brought in a motion for compassionate release, and this Court does not have jurisdiction to consider them."). Even the cases cited by Defendant in support of his Eighth Amendment argument were not brought under Section 3582(c)(1)(A). Defendant has not demonstrated an extraordinary and compelling reason warranting his release.

5.  **CONCLUSION**

Defendant has exhausted his administrative remedies. However, he has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny Defendant's motion for compassionate release, (Docket #399).

Accordingly,

**IT IS ORDERED** that Defendant's motion for compassionate release (Docket #399) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge